AMELIA SYLVESTER et al., Plaintiffs, *v.* VITO CAPUTI et al., Defendants.

Supreme Court, Appellate Term, First Department, April 10, 1924.

Summary proceedings to dispossess — proceeding by landlords to recover possession of property for their immediate personal use and occupancy — judgment on directed verdict in favor of landlords reversed where issue of fact existed as to good faith of landlords.

A judgment entered on a verdict directed in favor of the landlords in a summary proceeding to dispossess and to recover possession of the property for their immediate personal use and occupancy will be reversed and a new trial ordered where it appears that the evidence showed a plain issue of fact as to the good faith of the landlords.

APPEAL by the defendants from a verdict directed for the plaintiff in the Municipal Court of the city of New York, borough of Manhattan, first district, in a summary proceeding.

*Ignatius Castelli,* for the appellants.

*Bernard Aaronson,* for the respondents.

*Per Curiam.* This was a summary proceeding, brought by the landlords to recover possession of property for their immediate personal use and occupancy. It appears that this is the third proceeding brought by the landlords for the same purpose; the first one in November, 1921, and the second in January, 1922. The first proceeding was dismissed for failure to join both owners as landlords; the second proceeding for non-appearance.

In the course of the first proceeding the plaintiff Amelia Sylvester testified that she was about to be married and intended to occupy the premises following her wedding; the same reason is given in the case now on appeal, more than two years later. It further appears that on two occasions ten dollar increases in rent have been asked and granted by the tenants, and that other increases have been asked that were not acceded to. There was an apartment vacant during the course of these proceedings of which the landlords did not avail themselves. Under all these circumstances, the direction of a verdict was error, because there was a plain issue of fact as to the good faith of the landlords, which should have been submitted to the jury.

Judgment reversed and new trial ordered, with thirty dollars costs to appellants to abide the event.

All concur; present, BIJUR, McCOOK and CRAIN, JJ.

Judgment reversed and new trial ordered.